IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SYLVESTER ESTES, } | |
| TDCJ-CID NO. 234233, } | |
|     Petitioner, } | |
| v. } | CIVIL ACTION NO. H-08-3487 |
| } | |
| NATHANIEL QUARTERMAN, } | |
|     Respondent. } | |

OPINION ON DISMISSAL

Petitioner Sylvester Estes, a state inmate in custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), brings this action seeking federal habeas corpus relief. He challenges the length of his incarceration. After reviewing the pleadings, the Court will dismiss the habeas corpus petition because petitioner has not exhausted his state remedies.

I.      BACKGROUND

Petitioner reports that, on or about September 5, 1972, he was convicted of murder with malice aforethought the 185th Criminal District Court of Harris County, Texas in cause number 170763. He was sentenced to 100 years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner's conviction was affirmed on direct appeal. *Estes v. State*, 507 S.W.2d 216 (Tex. Crim. App. 1974). Petitioner's state habeas application from this conviction was denied without written order on March 31, 1976. Texas Court website.[1]

In this habeas action, petitioner does not challenge the conviction itself. Instead, he challenges the forfeiture of his good time and street time credit upon the revocation of his

---

[1] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2344184

1

release to mandatory supervision. (Docket Entry No.1). Petitioner claims that he was erroneously released to mandatory supervision from March 4, 2004, until May 31, 2007, at which time his release was revoked following the commission of another crime.[2] (Docket Entry No.1). Petitioner indicates that he filed a claim with the state dispute resolution system on October 3, 2007, but did not receive a response from state personnel. (Docket Entry No.1). He filed a state habeas application in state district court on April 21, 2008. (*Id.*). Although petitioner contends the Texas Court of Criminal Appeals denied his state application on October 15, 2008, Texas Court public records show that the Texas Court of Criminal Appeals denied his motion for leave to file a writ of mandamus without written order on October 15, 2008. Texas Court website.[3] Public records do not reflect a state habeas application pending in the Texas Court of Criminal Appeals.

II. DISCUSSION

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

---

[2] Apparently, petitioner has been released to parole on several occasions because in 1987 and 1991, he was convicted for possession of cocaine. http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=01342759. In 2007, he was convicted of indecency with a child. *Id.* Petitioner is eligible for parole consideration on December 18, 2011. *Id.*

[3] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2348272

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Generally, exhaustion in Texas may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990). Time credit claims, however, filed after January 1, 2000, are cognizable in Texas on a writ of habeas corpus if the inmate seeking time credit relief first exhausts administrative remedies by complying with Section 501.0081 of the Texas Government Code. *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000) (per curiam). Section 501.0081 prohibits an inmate challenging the time credited on his sentence from filing a state application for writ of habeas corpus until he receives a written decision from the State or if no written

decision is issued, until the 180th day after he filed the time credit claim.  TEX. GOVT CODE ANN. § 501.0081(b) (Vernon 2004).

Petitioner does not indicate that he has presented his claims to the Texas Court of Criminal Appeals in accordance with state law; therefore, he has presented unexhausted claims in the pending petition.  As such, his petition is subject to dismissal under 28 U.S.C. § 2254.

III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing that reasonable

jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be DENIED.

III.    CONCLUSION

> For these reasons, the Court ORDERS the following:
>
> 1. Petitioner's habeas action is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.
>
> 2. A certificate of appealability is DENIED.
>
> 3. All other pending motions, if any, are DENIED.
>
> The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 14th day of January, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE